J-S34031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JAMES EARL JOHNSON | : | |
| Appellant | : | No. 1805 WDA 2018 |

Appeal from the Judgment of Sentence Entered December 3, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003200-2010

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

JUDGMENT ORDER BY COLINS, J.:                    **FILED JUNE 24, 2019**

Appellant, James Earl Johnson, appeals from the aggregate judgment of sentence of 22½ to 45 years of confinement, which was imposed following his resentencing on December 3, 2018.  We affirm.

The facts and procedural history of this case were fully and correctly set forth by this Court in **Commonwealth v. Johnson**, No. 1852 WDA 2011, unpublished memorandum at 1-5 (Pa. Super. filed August 10, 2012), and **Commonwealth v. Johnson**, No. 2004 WDA 2013, unpublished memorandum at 2-8 (Pa. Super. filed August 22, 2014), *appeal denied*, 105 A.3d 735 (Pa. 2014).  Therefore, we have no reason to restate them at length here.

For the convenience of the reader, we briefly note that, on June 9, 2011, following a bench trial, Appellant was convicted of rape by forcible compulsion,

_____
*   Retired Senior Judge assigned to the Superior Court.

burglary, and terroristic threats with intent to terrorize.[1]  On October 17, 2011, Appellant was sentenced to two consecutive life terms followed by 30 to 60 months of confinement.  Following a federal court decision overturning Appellant's sentence, he was resentenced on December 3, 2018, to an aggregate sentence of 22½ to 45 years of confinement.  N.T., 12/3/2018, at 20.  Appellant did not object to his sentence orally on the record at his resentencing hearing, *see generally id.*, nor file any post-sentence motions. On December 20, 2018, Appellant filed this timely direct appeal.[2]

Appellant presents the following issue for our review:

Whether [A]ppellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?

Appellant's Brief at 3.  Appellant hence challenges the discretionary aspects of his sentence.  *See id.* at 3, 7-9.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right.  Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine:  (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

---

[1] 18 Pa.C.S. §§ 3121, 3502, and 2706(a)(1), respectively.

[2] Appellant contemporaneously filed his statement of errors complained of on appeal.  The trial court entered its opinion on February 13, 2019.

***Commonwealth v. Manivannan***, 186 A.3d 472, 489 (Pa. Super. 2018) (quotation marks and some citations omitted), *reargument denied* (July 7, 2018). In the current case, Appellant filed a timely notice of appeal, and his brief to this Court contains a separate section with a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f), contending that his sentence violates 42 Pa.C.S. § 9781(c).[3] Appellant's Brief at 5-6. However, Appellant failed to preserve his issue at sentencing or in a post-sentence motion; Appellant has thus waived his challenge to the discretionary aspects of his sentence. ***See Manivannan***, 186 A.3d at 489; ***Commonwealth v. Levy***, 83 A.3d 457, 467 (Pa. Super. 2013) (failure to file new post-sentence motion after resentencing waived defendant's appeal of discretionary aspects of sentence).

Judgment of sentence affirmed.

---

[3] The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2019